IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>        Defendant.<br>_____ | 2:09-cv-02877-GEB-EFB<br><br>ORDER RELATING, CONSOLIDATING AND SCHEDULING ACTIONS |
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>WESTERN ENVIRONMENTAL CONSULTANTS, INC.,<br><br>        Defendant.<br>_____ | 2:10-cv-01875-WBS-DAD |

Plaintiff filed a "Notice of Related Cases" under Local Rule 123 on July 19, 2010, stating, *inter alia*:

> The United States is the plaintiff in both actions. Pacific Gas and Electric Company ("PG&E) is the defendant in [the earlier filed] action, and Western Environmental Consultants, Inc. ("WECI") is the defendant in the [later filed] action. WECI was a contractor for PG&E in the events that are the subject of both actions. Both actions are based on the same or similar claims for damages arising out of alleged negligence on the part of PG&E and WECI in causing the resulting forest fire known as the Sims Fire.
>
> . . . .

> Both actions involve the Sims Fire which ignited on or about July 27, 2004 on National Forest System lands in the Six Rivers National Forest in Trinity County. The actions, taken together, allege that PG&E and its contractor WECI negligently failed to identify and remove a "hazard tree" which broke and fell on an energized PG&E power line thereby causing the Sims Fire.
>
> . . . .
>
> Both actions involve the same questions of fact about how the Sims Fire started and how much are the resulting damages. Both actions involve the same questions of law including the vicarious liability of PG&E for acts and omissions of its contractor.

(ECF No. 18, 2:2-18.)

Examination of the above-entitled actions reveals they are related within the meaning of Local Rule 123. Therefore, action 2:10-cv-01875-WBS-DAD is reassigned to the judges assigned the earlier filed action, and any dates currently set in the reassigned case are VACATED. The Clerk shall make an appropriate adjustment in the assignment of civil cases to compensate for this reassignment.

Further, on September 10, 2010, Plaintiff filed a stipulation in which the parties seek an order consolidating both actions, and request that the later filed action be scheduled as the earlier filed action was scheduled; however, certain scheduling modifications are sought. (ECF No. 19.) The consolidation request is granted; the above two actions are **CONSOLIDATED** for all purposes. Case 2:10-cv-01875 shall be administratively CLOSED, and Case 2:09-cv-02877-GEB-EFB is hereby designated the "MASTER FILE." Henceforth, all documents filed in the consolidated action shall utilize the caption in the earlier filed action, but Western Environmental Consultants, Inc. shall be added as a defendant in the caption.

2

　　　　　Lastly, the Status (Pretrial Scheduling) Order filed on February 10, 2010 in 2:09-cv-02877-GEB-EFB governs the consolidated action, but that Order is modified as follows:

1. Each party shall comply with Federal Rule of Civil Procedure 26(a)(2)'s initial expert witness disclosure and report requirements on or before April 18, 2011, and with the rebuttal expert disclosures authorized under the Rule on or before May 16, 2011;
2. all discovery shall be completed by July 18, 2011;
3. the last hearing date for motions is September 12, 2011, commencing at 9:00 a.m.;
4. the final pretrial conference shall commence at 1:30 p.m. on November 21, 2011,;
5. a <u>JOINT</u> pretrial statement shall be filed no later than seven (7) calendar days prior to the final pretrial conference; and
6. trial shall commence at 9:00 a.m. on February 21, 2012.

IT IS SO ORDERED.

Dated:　September 28, 2010

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　GARLAND E. BURRELL, JR.
　　　　　　　　　　　　　　　　　United States District Judge