MARK H. PENSKAR (SBN 77725)
mhp5@pge.com
PACIFIC GAS AND ELECTRIC COMPANY
Law Department, 77 Beale Street, B30A
San Francisco, CA 94105
Telephone: (415) 973-8478
Facsimile: (415) 973-9271

Attorneys for Defendant
PACIFIC GAS AND ELECTRIC COMPANY

SEDGWICK LLP
GAYLE L. GOUGH (SBN 154398)
gayle.gough@sedgwicklaw.com
GREGORY C. READ (SBN 49713)
gregory.read@sedgwicklaw.com
MARK J. HANCOCK (SBN 160662)
mark.hancock@sedgwicklaw.com
PETER J. MESSROBIAN (SBN 168554)
peter.messrobian@sedgwicklaw.com
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

Attorneys for Defendant
PACIFIC GAS AND ELECTRIC COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. . 2:09-CV-02877-GEB-EFB |
| Plaintiff, | (Consolidated with Case No. 2:10-cv-01875) |
| v. | **STIPULATED PROTECTIVE ORDER** |
| PACIFIC GAS AND ELECTRIC COMPANY, | |
| Defendant. | |
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | |
| WESTERN ENVIRONMENTAL CONSULTANTS, INC., | |
| Defendant. | |

SF/2129690v1

2:09-CV-02877-GEB-EFB

STIPULATED PROTECTIVE ORDER

WHEREAS disclosure and discovery activity in this Action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting litigation related to the Sims Fire would be warranted.

WHEREAS the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

WHEREAS the Parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

WHEREAS the Parties, by and through their respective undersigned counsel, HEREBY STIPULATE, AGREE, and REQUEST that the Court enter the following Order with respect to this Action:

1. <u>Proceedings and Information Governed.</u>

This Stipulated Protective Order shall govern any document, information or other thing furnished by any Party, or any person, including third persons, to any other Party in connection with the consolidated discovery and pretrial phase of the Action. The information protected includes, but is not limited to, responses to requests to produce documents or other things, responses to interrogatories, responses to requests for admissions, deposition testimony and all copies, extracts, summaries, compilations, designations and portions thereof.

This Stipulated Protective Order does not govern proceedings during trial nor does it prohibit any Party from seeking a protective order to govern proceedings during trial. The Parties reserve for future agreement the procedure to be followed in using "Confidential Information" (defined below) at trial.

2. <u>Definitions.</u>

2.1 <u>Party:</u> any party to this Action, including all of its officers, directors, employees, consultants, retained Experts, and Outside Counsel (and their support staff) (more than one Party collectively referred to as "Parties").

2.2 <u>Disclosure or Discovery Material:</u> all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 <u>Receiving Party:</u> a Party that receives Disclosure or Discovery Material from a Producing Party.

2.4 <u>Producing Party:</u> a Party or non-party that produces Disclosure or Discovery Material in this Action.

2.5 <u>Designating Party:</u> a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

2.6 <u>Outside Counsel:</u> attorneys who are not employees of a Party but who are retained to represent or advise a Party in this Action.

2.7 <u>House Counsel:</u> attorneys who are employees of a Party.

2.8 <u>Counsel (without qualifier):</u> Outside Counsel and House Counsel (as well as their support staffs).

2.9 <u>Expert:</u> a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an Expert witness or as a consultant in this Action. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.10 <u>Action:</u> the above-captioned matter, designated as *United States of America v. Pacific Gas and Electric Company*, Case No. 2:09-CV-02877-GEB-EFB, and the consolidated matter designated as <u>*United States of America v. Western Environmental Consultants, Inc.*, Case No. 2:10-cv-01875</u>

3. <u>Designation of Information for Protection Under This Stipulated Protective Order.</u>

Any Disclosure or Discovery Material produced in this Action that is reasonably believed by any party to be nonpublic and/or proprietary and/or confidential and/or contain/constitute trade secrets may be designated as "Confidential Information" as described more fully in paragraph 4, below. Such designation may be made by labeling or otherwise clearly marking the

material as "Confidential" in such a manner as will not interfere with the legibility thereof. In the case of written material, documents or tangible items, the designation shall be made, to the extent possible, at the time the copy of the writing or thing is produced. In the case of materials produced by a non-party or any other Party, the designation may be made by any Party within ninety (90) days following the date the Designating Party receives a copy of the documents so produced. In the case of deposition testimony, a Party seeking to invoke the protections of this Stipulated Protective Order shall give notice thereof as set forth in paragraph 9, below.

4. <u>Disclosure of Confidential Information.</u>

Confidential Information may be disclosed and disseminated by the Receiving Party only to:

(a) The Parties and their officers, directors and employees;

(b) The attorneys of record in the Action, and their respective associates, clerks and legal assistants, and any organizations retained by such attorneys to provide litigation support services in the Action and the employees of said organizations;

(c) Independent consultants and Expert witnesses retained in the Action by the attorneys of record, and the employees of such consultants and Expert witnesses who are assisting them;

(d) The Court and its administrative staff, including law clerks and the jury at trial (if any);

(e) Stenographic reporters engaged in deposition proceedings; and

(f) Such other persons as hereafter may be designated by written agreement of all Parties in the Action or by order of the Court, such order obtained on noticed motion (or on shortened time as the Court may allow), permitting such disclosure.

5. <u>Unauthorized Disclosure of Confidential Information.</u>

If a Party learns that, by inadvertence or otherwise, it or another Party has disclosed Confidential Information to any person or in any circumstance not authorized under this Stipulated Protective Order, that Party must immediately (a) notify in writing the Producing and/or Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all

copies of the Confidential Information, and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order.

6. <u>Use.</u>

Except as otherwise provided by this Stipulated Protective Order or by further order of the Court, documents or testimony designated as Confidential Information, and all information contained therein, shall not be used for any purpose other than in connection with prosecution of the Action or any other action arising out of the Sims Fire, and any appellate proceeding concerning the same.[1] No person who is furnished Confidential Information shall disclose or disseminate it to any person not entitled under this Stipulated Protective Order to receive and review it.

To the extent Confidential Information is used in an action arising out of the Sims Fire other than this Action, the parties shall follow the procedures that have been agreed upon or are otherwise required in such other actions for filing such materials.

No duplicates, copies, reproductions, or reprints of any Confidential Information, or any parts thereof, shall be made unless reasonably necessary.

If there is a disclosure or utilization of Confidential Information in violation of the terms of this Stipulated Protective Order, the Party who becomes aware of such disclosure or utilization shall promptly notify the attorneys of record for the other Parties. In addition to any other remedy the Court may order, the Party making the disclosure shall be obligated to take all reasonable steps to limit further utilization or dissemination of Confidential Information in violation of this Stipulated Protective Order.

7. <u>Challenging Confidentiality Designations.</u>

7.1 Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not

---

[1] In the event a party attempts to use Confidential Information in litigation arising out of the Sims Fire other than the Action, the provisions set forth in paragraph 7 shall not be construed as a waiver or admission that said Confidential Information is legally admissible in that litigation.

waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2     Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

7.3     Judicial Intervention. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Local Rules 230 and 251 (and in compliance with Local Rule 141, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

8.     <u>Disclosure to Author or Addressee.</u>

Nothing herein shall prohibit a Party or Party's attorney from disclosing a document which has been designated as Confidential Information to the person the document identifies as an author or addressee of such document.

9.     <u>Party's Own Information.</u>

The restrictions on the use of Confidential Information established herein are applicable only to the use by a Party of Confidential Information received from another Party or any nonparty.

This Stipulated Protective Order shall not restrict a Party's use of such documents, information and other things which that Party possessed before the commencement of this

Action or acquired after the commencement of this Action through informal means not involving discovery or other compulsory process.

10. <u>No Waiver.</u>

Neither the taking of nor the failure to take any Action to enforce the provisions of this Protective Order, nor the failure to object to any designation or any such Action or omission, shall constitute a waiver of any right to seek and obtain protection or relief other than as specified herein of any claim or defense in the Action or any other Action including, but not limited to, the claim or defense that any information is or is not proprietary to any Party, is or is not entitled to particular protections or that such information embodies trade secrets of any Party.

The procedures set forth herein shall not affect the rights of the Parties to object to discovery on grounds other than those related to trade secrets or proprietary information claims, nor shall it relieve a Party of the necessity of proper response to discovery devices.

11. <u>No Probative Value.</u>

This Stipulated Protective Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any Party or person with respect to any Confidential Information. The fact that information is designated "Confidential Information" under this Stipulated Protective Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary. This Stipulated Protective Order shall be without prejudice to the right of any Party to bring before the Court the question of: (i) whether any particular material is or is not confidential; (ii) whether any particular information or material is or is not entitled to a greater or lesser degree of protection than provided hereunder; (iii) whether any particular information or material is or is not relevant to any issue of this case, or (iv) how to provide reasonable protection for Confidential Information during any trial or other public legal proceeding in this matter, provided that in doing so the Party complies with the foregoing procedures.

Absent a stipulation of all Parties, the fact that information has been designated Confidential under this Stipulated Protective Order shall not be admissible during the trial of the Action, nor shall the jury be advised of such designation. The fact that any information is

disclosed, used or produced in discovery or trial herein shall not be construed admissible, or offered in any Action or proceeding before any court, agency or tribunal as evidence of or concerning whether or not such information is confidential or proprietary.

12. <u>Return of Confidential Information.</u>

At the conclusion of the Action, all Confidential Information and all documents which repeat such information, including all copies, extracts and summaries thereof, shall, upon the request of the Party furnishing such Confidential Information, be delivered to that Party.

Alternatively, Counsel may certify in writing to the Party furnishing the Confidential Information that all such Confidential Information, together with all copies, extracts and summaries thereof, have been destroyed and that no additional copies are known to exist.

13. <u>Court's Jurisdiction.</u>

The Court retains jurisdiction to make such amendments, modifications, deletions and additions to this Stipulated Protective Order as the Court may from time to time deem appropriate. This Stipulated Protective Order shall remain in effect for the duration of the litigation unless terminated by agreement executed by Counsel of record for the Parties or pursuant to an order of the Court. The provisions of this Stipulated Protective Order regarding the use and/or disclosure of Confidential Information shall survive the termination of the Action, and the Court shall retain jurisdiction with respect to this Stipulated Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  April 8, 2011                    U.S. ATTORNEY'S OFFICE

By:  */s/ Richard M. Elias*
Richard M. Elias
Attorneys for Plaintiff
UNITED STATES OF AMERICA

DATED:  April 8, 2011                    MATHENY SEARS LINKERT & JAIME LLP

By:  */s/ Richard S. Linkert*
Richard S. Linkert
Attorneys for Defendant
WESTERN ENVIRONMENTAL CONSULTANTS, INC.

1  DATED: April 8, 2011            SEDGWICK LLP

2

3                                   By: */s/ Gregory C. Read*
                                        Gayle L. Gough
                                        Gregory C. Read
4                                       Mark J. Hancock
                                        Peter J. Messrobian
5                                       Attorneys for Defendant
                                        PACIFIC GAS AND ELECTRIC COMPANY
6

7           IT IS SO ORDERED:

8

9  DATED: April 12, 2011
                                    EDMUND F. BRENNAN
10                                  UNITED STATES MAGISTRATE JUDGE